THE DEPARTMENT OF REVENUE, Plaintiff-Appellant, v. VALLEE FOODS, INC., *et al.*, Defendants-Appellees.

Third District   No. 3—84—0244

Opinion filed January 3, 1985.

Neil F. Hartigan, Attorney General, of Springfield (Thomas P. Marnell, Assistant Attorney General, of Chicago, of counsel), for appellant.

Charles J. Zuganelis and Richard L. Cantor, both of Chicago, for appellee Jerry A. Valuch.

Richard L. Cantor, of Chicago, for other appellees.

JUSTICE HEIPLE delivered the opinion of the court:

The Department of Revenue obtained a judgment against the defendant for taxes due under the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1983, ch. 120, par. 440 *et seq.*). The Department also sought statutory interest and penalties but was unable to calculate them for the trial court. Consequently, the court denied interest and penalties. The Department appeals.

The defendant has filed a motion to dismiss this appeal based on the Department's failure to file a report of proceedings pursuant to Supreme Court Rule 323 (87 Ill. 2d R. 323). Failure to file a report of proceedings is not an automatic ground for dismissal. Such failure requires only that we affirm those issues which depend upon the missing report of proceedings for their resolution. (*Rosenblatt v. Michigan Avenue National Bank* (1979), 70 Ill. App. 3d 1039.) Therefore, the defendant's motion to dismiss is denied.

The Department argues that the trial court abused its discretion when it denied interest and penalties on the defendant's unpaid taxes. Section 4 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1983, ch. 120, par. 443) authorizes the assessment of a penalty on unpaid taxes. The penalty is computed based upon the notice of tax liability issued to the taxpayer by the Department of Revenue. A copy of the notice may be introduced and admitted into evidence without additional proof. Such notice is then regarded as *prima facie* proof of the correctness of the amount of tax due.

The Department admits that it was unable to immediately calculate the amount of penalties and interest at the circuit court hearing. No further explanation is given. The Department argues that it has been estopped from collecting revenues legally due and that such an estoppel violates the rule set forth by the Illinois Supreme Court in *Austin Liquor Mart, Inc. v. Department of Revenue* (1972), 51 Ill. 2d 1, 5: "Generally, a State cannot be estopped by the acts and conduct

of its officers or agents in the performance of the governmental function of collecting taxes legally due."

There was no estoppel here. The Department simply showed up at the hearing unprepared and was unable to prove its case. The Department does not say why it could not provide a basis for determining penalties or interest or how much time it would have taken to provide the calculations. Furthermore, there is no report of proceedings which might indicate the precise nature of the Department's failure of proof and the court's response thereto. The record before us shows only that the Department admittedly and without explanation failed to provide the court with adequate proof and did not request a continuance. Accordingly, there is nothing to support the Department's charge that the court abused its discretion by failing to award interest and penalties. The judgment of the circuit court of Will County is affirmed.

Affirmed.

SCOTT and BARRY, JJ., concur.