SANDRA J. DAVIS, Plaintiff-Appellant, v. ALLSTATE INSURANCE COM-
PANY, Defendant-Appellee.

Second District   No. 85—423

Opinion filed July 7, 1986.—Rehearing denied October 27, 1986.

Frank W. Pirruccello, Jr., and James G. Crummy, both of Chicago, for appellant.

Peter W. Schoonmaker and Mark E. Condon, both of Condon, Cook & Roche, of Chicago, for appellee.

JUSTICE SCHNAKE delivered the opinion of the court:

Plaintiff, Sandra J. Davis, appeals from the judgment of the circuit court of Lake County which dismissed her complaint with prejudice in favor of defendant, Allstate Insurance Company, pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619). Involved here is plaintiff's claim under a policy of fire insurance for a loss occurring on March 26, 1983; a policy requirement that suit must be filed within one year after loss; a statutory provision tolling the running of the limitations period; and suit filed on November 16, 1984.

On appeal, plaintiff raises essentially four issues: (1) whether section 143.1 of the Illinois Insurance Code (Ill. Rev. Stat. 1985, ch. 73, par. 755.1) tolled the 12-month contractual limitation period contained in defendant's insurance policy from the date of plaintiff's sworn statement in proof of loss; (2) whether defendant waived the contractual limitation period and, therefore, is estopped from asserting it; (3) whether plaintiff's failure to raise the issue of waiver and estoppel in her complaint bars her from raising the issue for the first time in her response to defendant's motion to dismiss; and (4) whether plaintiff's estoppel and wavier claim must fail because she did not support her allegations by affidavit in her response to defendant's motion to dismiss. Our disposition of the first two issues eliminates the need to resolve the third and fourth issues. For the reasons set forth below, the judgment of the circuit court is affirmed.

Defendant issued an insurance policy to plaintiff which provided fire insurance for the residence as 221 Liberty Avenue in Lake Villa for one year beginning April 3, 1982. On March 26, 1983, while the policy was in effect, the insured property was destroyed by fire, the damages totaling $169,000. Plaintiff notified defendant of the loss on March 28, 1983. In correspondence dated April 11, 1983, defendant confirmed receipt of plaintiff's notice and directed her to comply with the terms and conditions of the policy if she wished to proceed with her claim. On May 24, 1983, plaintiff submitted a sworn statement in

proof of loss. Defendant denied plaintiff's claim on December 12, 1983, on the basis of "breach of the terms and provisions of the policy relating to fraud and false swearing and material misrepresentation and failure to preserve and protect the property at and after the loss as well as the public policy of the State of Illinois relating to arson." With the letter of denial, defendant returned the sworn statement in proof of loss to plaintiff.

The policy issued to plaintiff by defendant provides, in relevant part, that "[n]o suit or action may be brought against us unless there has been full compliance with all the terms of this policy. Any suit or action must be brought within one year after the loss." The parties agree that the period of limitation contained in this provision is controlled by section 143.1 of the Illinois Insurance Code (Code) (Ill. Rev. Stat. 1985, ch. 73, par. 755.1). Section 143.1 of the Code provides that "[w]henever any policy *** for insurance *** contains a provision limiting the period within which the insured may bring suit, the running of such period is tolled from the date proof of loss is filed, in whatever form is required by the policy, until the date the claim is denied in whole or in part."

Plaintiff's first contention on appeal is that the 12-month contractual limitation period contained in defendant's policy should be computed from the date that plaintiff first provided defendant with notice of the loss or from the date of defendant's written acknowledgement of receipt of plaintiff's notice, not from the date of the submission of the sworn statement in proof of loss. Specifically, she claims that because defendant returned plaintiff's sworn statement with the denial of her claim, defendant cannot rely upon the date the statement was submitted for computing the 12-month period because often a subsequent proof of loss finally is accepted.

A review of defendant's December 12, 1983, letter, which denied plaintiff's claim, indicates that plaintiff clearly was advised that her claim was being denied on the basis of fraud, false swearing, material misrepresentation, and failure to protect the property, as well as public policy relating to arson. Although the letter refers to her claim as "an instrument *purporting* to be a Sworn Statement in Proof of Loss" (emphasis added), it makes no reference to any technical defect in the form or execution of the statement, nor did it suggest that plaintiff submit an amended statement. There is no other evidence in the record on appeal which indicates that the statement submitted by plaintiff was unacceptable in any manner other than the faulty basis for its claim.

The fact that the statement itself was returned to plaintiff with

the letter of denial is immaterial here, given the explicit wording of the letter. Thus, plaintiff's argument that, because of the return of the statement to her, the 12-month contractual limitation period contained in the policy should be computed from a date other than the denial date is without merit. Furthermore, such computation would be directly contrary to the wording of the controlling statute. Section 143.1 of the Code specifically states that a contractual limitation period "is tolled from the date proof of loss is filed, in whatever form is required by the policy." (Ill. Rev. Stat. 1985, ch. 73, par. 755.1.) In construing this clause, we believe that the legislative intent is best indicated by the statute's specific words. (See *People v. Miller* (1984), 128 Ill. App. 3d 574, 580; *Mack v. Seaman* (1983), 113 Ill. App. 3d 151, 155; see also *In re Marriage of Freeman* (1985), 106 Ill. 2d 290, 297.) Here, the form required by the insurance policy was a "proof of loss, signed and sworn to by the insured, stating the knowledge and belief of the insured as to" specified information.

We note in passing that the case of *Weisberg v. Royal Insurance Co.* (1984), 124 Ill. App. 3d 864, offered by defendant, is not helpful here. *Weisberg* addressed only the retroactivity of section 143.1 of the Code and found that the statute applied prospectively only. Since the policy in *Weisberg* was issued prior to the statute's effective date, the court did not apply the tolling statute to the facts before it.

Plaintiff's sworn statement, the format of which was in satisfaction of the policy's requirements, was submitted to defendant on May 24, 1983. Defendant denied the claim on December 12, 1983, thereby tolling the limitation period for 202 days beyond the one-year anniversary of the loss, or to October 13, 1984. Because plaintiff did not bring suit until November 16, 1984, her filing was untimely, and the trial court properly dismissed her complaint.

■ Plaintiff's second contention on appeal is that the defendant waived the contractual limitation period contained in the insurance policy and, therefore, is estopped from asserting it. Specifically, she refers in her statement of facts and argument contained in her brief to a conversation between her and defendant's agent during which she requested a copy of the insurance policy and to another conversation with a representative of Countryside Rebuilders during which a settlement offer was made.

First, we note that plaintiff failed to submit to this court a report of proceedings or a substitute as provided in Supreme Court Rule 323 (87 Ill. 2d R. 323). It is appellant's duty to present a complete record on appeal so that the reviewing court is fully informed regarding issues to be resolved. (*Village of Lakemoor v. First Bank* (1985), 136

Ill. App. 3d 35, 42; *Lakeland Property Owners Association v. Larson* (1984), 121 Ill. App. 3d 805, 808; *Williams v. Joliet Mass Transit System* (1983), 114 Ill. App. 3d 1004, 1006.) Absent an adequate record on appeal, it is presumed that the trial court's judgment conforms to the law and has a sufficient factual basis. *Village of Lakemoor v. First Bank* (1985), 136 Ill. App. 3d 35, 42-43; *Lakeland Property Owners Association v. Larson* (1984), 121 Ill. App. 3d 805, 808; *Williams v. Joliet Mass Transit System* (1983), 114 Ill. App. 3d 1004, 1006.

Because, in the present case, the record on appeal lacks a report of proceedings, the facts surrounding the waiver and estoppel issue contained in the statement of facts and in the argument section of the plaintiff's appellate brief lie outside the record and may not be considered on appeal. (*Paine, Webber, Jackson & Curtis, Inc. v. Rongren* (1984), 127 Ill. App. 3d 85, 92; *Lakeland Property Owners Association v. Larson* (1984), 121 Ill. App. 3d 805, 808.) The lack of a report of proceedings requires that we affirm this issue which depends for resolution upon the missing facts. See *Department of Revenue v. Vallee Foods, Inc.* (1985), 129 Ill. App. 3d 876, 877; *Lakeland Property Owners Association v. Larson* (1984), 121 Ill. App. 3d 805, 809.

Plaintiff's third and fourth contentions on appeal relate to whether the waiver and estoppel issue was properly raised and supported by plaintiff in her pleadings. As we have held that we cannot review, without a report of proceedings, the ultimate issue of whether the defendant actually waived the contractual limitation period and, therefore, is estopped from asserting it, it is unnecessary for us to decide whether it was pleaded properly.

In accordance with the views expressed above, the judgment of the circuit court is affirmed.

Affirmed.

NASH, P.J., and UNVERZAGT, J., concur.