THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HARLEY L. SECHLER, Defendant-Appellant.

Second District No. 2—93—0397

Opinion filed June 3, 1994.

Harley L. Sechler, of Aurora, appellant *pro se.*

David R. Akemann, State's Attorney, of St. Charles (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BOWMAN delivered the opinion of the court:

Defendant, Harley L. Sechler, appeals from the trial court's order finding him guilty of violating the Mental Health and Developmental Disabilities Confidentiality Act (Act) (740 ILCS 110/1 *et seq.* (West 1992)). The trial court fined defendant $100, and defendant filed a timely notice of appeal.

On appeal, defendant contends that: (1) the evidence was insufficient to support a conviction and (2) the Act was not meant to apply to someone, such as defendant, who did not obtain the information disclosed by virtue of working in the mental health field. While defendant, acting *pro se*, has phrased his second argument in this manner, it seems clear from the claims in defendant's brief that his second argument could more accurately be stated as the Act does not apply to the disclosure of mental health records or communications by a person who did not obtain the information through his work in the mental health field or through the authorized disclosure from someone working in the health field.

Defendant has not filed a report of proceedings or an authorized substitute such as a bystander's report or an agreed statement of facts. (Official Reports Advance Sheet No. 26 (December 22, 1993) Rules 323(c), (d), eff. February 1, 1994.) The appellant has the burden to present a sufficiently complete record of the proceedings at trial to support the claim of error. (*People v. Pertz* (1993), 242 Ill. App. 3d 864, 905.) In the absence of such a record, it will be presumed that the order entered by the trial court was in conformance with the law and has a sufficient factual basis. (*People v. Odumuyiwa* (1989), 188 Ill. App. 3d 40, 45-46.) Any doubt due to an insufficient record will be resolved against the appellant. (*Odumuyiwa*, 188 Ill. App. 3d at 46.) Defendant makes assertions in his brief as to the facts presented, but assertions in an appellant's brief cannot substitute for a proper record. (*People v. Turner* (1982), 110 Ill. App. 3d 519, 522.) Therefore, we must presume that the facts presented at the trial level were sufficient to support a determination that defendant violated the Act by improperly disclosing communications or records.

However, defendant also argues that as a matter of law he was not subject to the provisions of the Act because he did not obtain the information disclosed by working in the mental health field or through disclosure to him under circumstances regulated by the Act. The State addresses this argument by assuming *arguendo* that defendant is not an employee in the mental health field or a therapist. We must determine whether the common-law record, including the defendant's post-trial motion and the trial court's order denying the motion, supplies a sufficient factual basis to allow us to consider the merits of the issue. The court's order denying defendant's "Motion to Set Aside Judgment" stated, "[m]otion for new trial denied after hearing. Statute applies to 'persons.' " In defendant's post-trial motion, he argued that the statute applied only to people employed in the mental health field and therefore it was not applicable to him because he was not currently nor had he ever been employed in the mental health field. In light of this argument, the court's specific finding that the statute applies to "persons" implies the court found that defendant was not employed within the mental health field, but the Act was broad enough to apply. However, we still do not deem the record sufficient to present the issue of whether, as a matter of law, this Act applies to regulate defendant's conduct.

Even if the trial court found that defendant was not a therapist or mental health employee, that finding does not shed any light on whether defendant obtained the information he disclosed through channels regulated by the Act, such as by consent of a person authorized under the Act to receive the information. (See 740 ILCS 110/

5(a) (West 1992).) If defendant received the information in this manner, redisclosure would be regulated under the Act. (See 740 ILCS 110/5(d) (West 1992).) Therefore, in the absence of a report of proceedings or acceptable substitute indicating the exact facts presented, we presume that the trial court correctly applied the law to the facts of this case.

For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

INGLIS, P.J., and PECCARELLI, J., concur.