WILLIAM VALA, Plaintiff-Appellant, v. PACIFIC INSURANCE COMPANY, LTD., Defendant-Appellee.

Fourth District   No. 4—97—0190

Opinion filed May 29, 1998.

COOK, J., dissenting.

Almon A. Manson and Lorilea Buerkett, both of Brown, Hay & Stephens, of Springfield, for appellant.

John A. Beyer, of Satter, Beyer, Spires & Bertram, of Pontiac, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

Plaintiff, William Vala, brought suit against defendant, Pacific Insurance Company, for an alleged breach of an insurance contract. He asked for specific enforcement of the contract and for damages as a result of defendant's alleged unreasonable denial of plaintiff's claim under the policy issued by defendant. Defendant filed a motion to dismiss the complaint under sections 2—615 and 2—619 of the Civil Practice Law. 735 ILCS 5/2—615, 2—619 (West 1996). Plaintiff appeals from the dismissal of his complaint pursuant to defendant's motion under section 2—619. Plaintiff argues it was error for the trial court to find his action time-barred. We disagree and find his complaint was time-barred and properly dismissed.

Plaintiff purchased a policy of insurance from defendant covering an office building he owned in Lincoln for the period from April 15, 1994, through October 15, 1994. He contends on June 8, 1994, a severe windstorm and rainstorm caused damage to his property in excess of the $40,000 policy amount and the cause of the loss was a peril covered by the policy.

The policy required in case of loss:

> "The insured shall give immediate written notice to [defendant] of any loss, protect the property from further damage, forthwith separate the damaged and undamaged personal property, put it in the best possible order, furnish a complete inventory of the destroyed, damaged and undamaged property, showing in detail quantities, costs, actual cash value and amount of loss claimed; and within sixty days after the loss, unless such time is extended in writing by [defendant], the insured shall render to [defendant] a proof of loss, signed to and sworn to by the insured, stating the knowledge and belief of the insured as to the following: ***."

Shortly after the damage occurred, plaintiff made a claim against the policy and provided defendant with some information concerning his loss.

Defendant then had several examinations of the property made by different adjusting firms. On September 26, 1994, plaintiff's claim was denied by defendant. Plaintiff's local insurance agent, Mike Parr, also received a copy of the denial letter and contacted individuals representing defendant objecting to the denial and requesting further investigation be done. Parr was advised to contact Gregory Purtell, claims examiner for First State Management Group, Inc., managing general agent for defendant. Parr telephoned Purtell, who informed him defendant might reconsider the denial of plaintiff's claim.

On October 14, 1994, Parr sent paperwork to Purtell restating the facts of the claim. That same day, at Purtell's instruction, Parr put the request for reconsideration in the form of a letter. Purtell received Parr's letter on October 19 and, upon instruction from defendant, engaged general adjuster R.A. Scheppers to reinvestigate the claim. Scheppers reinspected the property in the presence of Parr and plaintiff on October 26. By letter of November 14, 1994, Scheppers informed plaintiff his claim was still denied by defendant. Plaintiff filed his complaint against defendant on November 6, 1995. Pursuant to defendant's motion, plaintiff's complaint was dismissed on February 24, 1997. Plaintiff filed a timely notice of appeal.

■ The insurance policy at issue provided any suit or action brought on the policy for the recovery of any claim must be "commenced within twelve months next after inception of the loss." The Illinois Insurance Code (Code) provides such periods of limitations may be tolled only under certain circumstances:

> "Whenever any policy or contract for insurance *** contains a provision limiting the period within which the insured may bring suit, the running of such period is tolled from the date proof of loss is filed, in whatever form is required by the policy, until the date the claim is denied in whole or in part." 215 ILCS 5/143.1 (West 1996).

■ Plaintiff contends the trial court erred in granting defendant's section 2—619 motion to dismiss based on the period of limitations. A trial court's ruling on a motion to dismiss is reviewed *de novo. Apple II Condominium Ass'n v. Worth Bank & Trust Co.*, 277 Ill. App. 3d 345, 348, 659 N.E.2d 93, 96 (1995). Because the appellate court is conducting an independent review of the propriety of a trial court's dismissal of a complaint for failure to commence within the time required, it is not required to defer to the trial court's reasoning. *Wells v. Travis*, 284 Ill. App. 3d 282, 285, 672 N.E.2d 789, 792 (1996). In conducting *de novo* review, the appellate court will examine the complaint and all evidentiary material before the trial court at the time of entry of the order, construing the evidence and drawing all

reasonable inferences in the light most favorable to the plaintiff. See *Weidman v. Wilkie*, 277 Ill. App. 3d 448, 456, 660 N.E.2d 157, 162 (1995).

Plaintiff argues that by providing defendant with information pertinent to his loss, he triggered the tolling of the limitations period provided in section 143.1 of the Code and his complaint was timely filed. The policy issued by defendant provides in the event of a loss "within sixty days after the loss, unless such time is extended in writing by [defendant], the insured shall render to [defendant] a proof of loss, *signed and sworn to by the insured*, stating the knowledge and belief of the insured as to the following:" and then lists the information required to be submitted. (Emphasis added.) In his amended response to the motion to dismiss, plaintiff included his sworn affidavit stating he provided defendant with certain information that appears to track what the insurance policy requires be included in an insured's signed and sworn proof of loss. However, this statement does not indicate how this information was transmitted to defendant and nothing in the record indicates plaintiff actually provided defendant with a signed and sworn statement containing this information.

Section 143.1 requires a proof of loss must be filed in the form *required* by the policy in question before the limitations period provided in the policy will be tolled. 215 ILCS 5/143.1 (West 1996); *Davis v. Allstate Insurance Co.*, 147 Ill. App. 3d 581, 584, 498 N.E.2d 246, 248 (1986). Filing of other information with an insurance company does not start tolling the running of a policy's one-year limitations period if sworn proof of loss is required by the policy. *Vole v. Atlanta International Insurance Co.*, 172 Ill. App. 3d 480, 483, 526 N.E.2d 653, 655 (1988).

■ We are not convinced plaintiff satisfied the policy requirements for proof of loss. Either he did not fulfill the requirements or, viewing the lack of evidence in the record of compliance with the policy provisions in the light most favorable to plaintiff, he filed an incomplete record on appeal. However, because any doubts caused by an insufficient record will be resolved against the appellant (*People v. Sechler*, 262 Ill. App. 3d 226, 227, 634 N.E.2d 1283, 1284 (1994)), we cannot infer plaintiff fulfilled the policy requirements of proof of loss necessary to toll the policy's limitations period.

Even if plaintiff had complied with the requirements of his insurance policy in filing a written and sworn proof of loss and the one-year period of limitations for filing suit against defendant was tolled, plaintiff's suit still was filed beyond the limitations period provided. Plaintiff had one year from the date of loss, June 8, 1994, to file suit

against defendant. Section 143.1 of the Code states the tolling of the limitations period runs from the date a proof of loss is filed until a claim is denied. 215 ILCS 5/143.1 (West 1996). In this case plaintiff's claim was denied by defendant on September 26, 1994.

The date on which any tolling of the limitations could have begun is not certain as no date is given in the record for *when* plaintiff supplied defendant with information that could arguably be construed as a proof of loss. Plaintiff simply states in his affidavit it was "within two to three days of the loss." Thus, no accurate computation can be made. However, the loss occurred on June 8, 1994, and assuming plaintiff provided information to defendant on June 11, the time from then until September 26 could be considered tolled. That amounts to 100 days. Therefore, plaintiff had 107 days after June 8, 1995, to file his suit. That would require his suit be filed by September 16, 1995. He did not file suit until November 6, 1995, and the suit is time-barred.

Plaintiff contends defendant's agreement to reinvestigate the loss after its denial of September 26, 1994, should be considered to further toll the limitations period until what he terms the final denial of his claim on November 14, 1994. Plaintiff contends defendant's denial of September 26 was only a "preliminary" denial and denial was not final until November 14. While defendant did agree to look into the claim again, the evidence indicates it did so as a courtesy to plaintiff and never withdrew its original denial. The period of time between plaintiff's receipt of defendant's denial and the reaffirmation of its denial does not constitute time that can be tolled. The tolling ceased upon the date of the original (and never rescinded) denial pursuant to section 143.1.

Plaintiff fears if an insurance company is allowed to reinvestigate a claim as a courtesy without it tolling the limitations period on filing suit the company could lull an insured into complacency by agreeing to reinvestigate a claim after denial and then not reaffirming its denial until after the one-year period for filing suit has expired. Such fears are not well-founded. Neither plaintiff nor any other insured should rely on an insurance company's agreement to reinvestigate a claim as if it were an agreement to vacate the denial and start from scratch. In order to preserve the rights granted under the policy, the insured should file suit against the insurance company within one year of the original denial even if prior to receipt of the company's report of the results of its reinvestigation.

Further, in this case, defendant took only about a month after it agreed to reinvestigate the claim until it reaffirmed its denial to plaintiff. Thus, plaintiff had from November 14, 1994, until June 8,

1995, if the limitations period was not tolled at all, or until September 16, 1995, if the limitations period were tolled as plaintiff contends it should have been, to file suit. The *ad terrorem* argument of plaintiff is refuted by the speed with which defendant reaffirmed its denial and the length of time plaintiff still had to timely file suit.

We find plaintiff's complaint against defendant was time-barred and the motion to dismiss was properly granted.

Affirmed.

GARMAN, P.J., concurs.

JUSTICE COOK, dissenting:

Under the rule announced today an insurer can process a claim without ever requesting a proof of loss from the insured, but still complain about the failure to submit a proof of loss once suit is filed. The majority holds the one-year period of limitations is not tolled during time charged to the insurer, the time while the insurer investigates the claim and considers what course of action it should take. I respectfully dissent. I would reverse the decision of the trial court dismissing this complaint and remand for further proceedings.

This case involves a policy period of limitations, a limitation prepared by the insurer. Such policy provisions, which fix periods of limitation different from those prescribed in the general statutes of limitations, are controversial and have been regulated by statute in many states. 44 Am. Jur. 2d *Insurance* §§ 1879, 1881 (1982). Courts in other jurisdictions have held that a policy period of limitations does not begin to run until the loss is payable and an action might be brought against the insurer, that is, until the insurer has had a reasonable time to investigate the claim and make payment or deny the claim. 44 Am. Jur. 2d *Insurance* § 1884 (1982).

Section 143.1 is designed to protect insureds against unreasonable periods of limitation imposed by insurers. 215 ILCS 5/143.1 (West 1996). The policy limitation in this case is absolute in its terms, requiring that suit be brought "within twelve months next after inception of the loss," without any mention of tolling. Section 143.1 voids that absolute limitation and requires that the limitation be "tolled from the date proof of loss is filed, *in whatever form is required by the policy*, until the date the claim is denied in whole or in part." (Emphasis added.) 215 ILCS 5/143.1 (West 1996). The policy's requirement for proof of loss here is:

> "[W]ithin sixty days after the loss, unless such time is extended in writing by this Company, the insured shall render to this

Company a proof of loss, signed and sworn to by the insured, stating the knowledge and belief of the insured as to the following *** "

Insurers often investigate and settle insurance claims without requiring a proof of loss. It is clear that an insurer can waive the requirement that a proof of loss be filed. *Tarzian v. West Bend Mutual Fire Insurance Co.*, 74 Ill. App. 2d 314, 326-27, 221 N.E.2d 293, 299 (1966) (policy requirement that proof of loss be furnished within 60 days). The waiver need not be accomplished by the use of express words. It may be done by conduct inconsistent with an intention to enforce strict compliance with the conditions of the policy, which conduct leads the insured to believe that the company did not intend to require compliance. *Tarzian*, 74 Ill. App. 2d at 326-27, 221 N.E.2d at 299; 44 Am. Jur. 2d *Insurance* § 1379 (1982). If the policy requires proofs of loss to be made on blank forms to be furnished by the insurer, the failure or refusal to furnish such blank forms constitutes a waiver of the policy requirements. 44 Am. Jur. 2d *Insurance* § 1382 (1982). The common practice in the insurance industry is for the insurer to furnish a proof-of-loss form for the insured's signature after the insurer has investigated the claim and is ready for settlement. See *Koclanakis v. Merrimack Mutual Fire Insurance Co.*, 709 F. Supp. 801, 806 (N.D. Ill. 1988), *aff'd*, 899 F.2d 673 (7th Cir. 1990) (adjuster included a proof-of-loss form for insured to complete when he tendered the settlement offer). Many insureds do not know what a proof of loss is until their insurer hands it to them. To allow the insurer to escape the tolling provisions of section 143.1 by not requiring a proof of loss, or by delaying its request for one, would be intolerable.

Many policies explicitly state that no proof of loss need be filed until one is requested by the insurer. See, *e.g., Harvey Fruit Market, Inc. v. Hartford Insurance Co.*, 294 Ill. App. 3d 668, 669, 691 N.E.2d 71, 72 (1998); *Trinity Bible Baptist Church v. Federal Kemper Insurance Co.*, 219 Ill. App. 3d 156, 158, 578 N.E.2d 1375, 1376 (1991). Those policies do not set out some exceptional rule; they simply recite the common practice in the handling of insurance claims. There is no duty to file a proof of loss until the insurer requests it and provides a form if a particular form is required.

The underlying policy of section 143.1 is that time taken by the insurer to investigate and decide the claim should not be allowed to consume any part of the one-year period of limitations. If there is no tolling unless the insurer requests a proof of loss, the insurer could wait until after the year had expired before denying the claim. That approach was rejected in *Trinity*, 219 Ill. App. 3d at 160, 578 N.E.2d

at 1377, where the court reversed a decision of the trial court that no proof of loss was requested, therefore no tolling occurred. *Trinity* quoted legislative debates indicating that the purpose of section 143.1 was to prevent insurance companies from sitting on the claim while the period of limitations expired. *Trinity*, 219 Ill. App. 3d at 160-61, 578 N.E.2d at 1377-78. The *Trinity* court remanded for the trial court to determine whether the information furnished by the insured was adequate to comply with the proof-of-loss provision. I agree with *Trinity*, but I would state the rule more positively: when an insurer does not require the filing of a proof of loss, after a claim has been made, it accepts the information it has been given by the insured as sufficient for it to decide the claim and to begin tolling under section 143.1.

No case before this one has squarely held that the time before a proof of loss is requested should be charged to the insured. See *Davis v. Allstate Insurance Co.*, 147 Ill. App. 3d 581, 498 N.E.2d 246 (1986) (suit filed more than a year after proof of loss *requested*, even with credit for period between proof of loss and denial of claim); *Koclanakis*, 709 F. Supp. 801 (suit filed more than a year after *request* for proof of loss); *Vole v. Atlanta International Insurance Co.*, 172 Ill. App. 3d 480, 526 N.E.2d 653 (1988) (unclear whether proof of loss requested).

It is clear that the insurer in this case waived the filing of proof of loss. The insurer denied the claim. An insurer's denial of liability on grounds other than the insured's failure to file proof of loss " 'waives or renders unnecessary compliance with the policy requirement respecting the filing of proof of loss.' " *Tarzian*, 74 Ill. App. 2d at 326-27, 221 N.E.2d at 299, quoting *Stolz v. National Indemnity Co.*, 345 Ill. App. 495, 502, 104 N.E.2d 320, 323-24 (1952). If the insurer has enough information to knowledgeably deny a claim it does not need a proof of loss.

Under the policy's clause requiring the filing of a proof of loss here within 60 days, the insured's right to sue expired August 8, 1994, while the claim was still being considered by the insurer. Of course, that result cannot be tolerated. The insurer here did not require that a proof of loss be filed within 60 days, or within any time. Some cases apparently take the position that an insurer can waive the filing of a proof of loss for purposes of the 60-day clause, but not waive the proof of loss for purposes of the one-year limitations period. See *Vole*, 172 Ill. App. 3d at 483, 526 N.E.2d at 655; see also *Koclanakis*, 709 F. Supp. at 807-08. I disagree. A waiver is a waiver. It is impossible for an insurance company to fail to request a proof of loss and at the same time request a proof of loss. If the

insurer has not requested a proof of loss, the insured has no duty to file one. If the insurer waives the filing of a proof of loss, then the insured must be considered to have filed a proof of loss "in whatever form is required by the policy." 215 ILCS 5/143.1 (West 1996).

Sometimes insurers do require proofs of loss. For example, in cases where it appears that fraud may be involved, it is important to the insurer that the insured sign a sworn proof of loss under oath. The cases cited by the majority are all fraud cases, unlike this case. See, *e.g.*, *Harvey Fruit Market, Inc.*, 294 Ill. App. 3d 668, 691 N.E.2d 71 (arson, misrepresentation, and fraud); *Vole*, 172 Ill. App. 3d 480, 526 N.E.2d 653 (stolen horse case; insured did not cooperate in investigation); *Koclanakis*, 709 F. Supp. 801 (burglary loss; insured failed to appear for sworn examination). Another fraud case is *Davis*, 147 Ill. App. 3d at 582, 498 N.E.2d at 247 (arson, fraud, and false swearing), where the loss occurred March 26, 1983, and the insurer on April 11, 1983, requested a sworn proof of loss from the insured ("directed her to comply with the terms and conditions of the policy if she wished to proceed with her claim").

The purpose of a proof of loss is to allow the insurer to form an intelligent estimate of its rights and liabilities, to afford it an opportunity for investigation and to prevent fraud and imposition upon it. 44 Am. Jur. 2d *Insurance* § 1323 (1982). The purpose of a proof of loss is not to give the insurer an additional technical argument to be used after suit is filed. " 'A breach which will defeat recovery cannot be based upon technical or unimportant omissions or defects in performance.' " *Koclanakis*, 709 F. Supp. at 806, quoting *Piro v. Pekin Insurance Co.*, 162 Ill. App. 3d 225, 229, 514 N.E.2d 1231, 1234 (1987). *Koclanakis* did hold there was no tolling under section 143.1 in the case before it, but in that case the insured not only did not file a proof of loss after being requested to do so, he did not otherwise furnish important additional evidence regarding disputed items as requested by the insurer. *Koclanakis*, 709 F. Supp. at 807-08.

The insured here filed a sworn affidavit in the trial court setting out the information that he furnished the insurer. The majority concedes that information "appears to track what the insurance policy requires be included in an insured's signed and sworn proof of loss." 296 Ill. App. 3d at 971. However, the majority rejects that information because it was not contained in a signed and sworn statement. 296 Ill. App. 3d at 971. The legitimate purposes served by a proof of loss have been satisfied in this case. There is no question but that the insured furnished the insurer with all the information it wanted. The majority's decision here serves only to relieve the insurer of an obligation for which it contracted to be responsible and for which it received a premium.

The majority cites no authority for its statement that the period during which the insurer reconsidered the claim should not count as a part of the tolling period, that "while defendant did agree to look into the claim again, the evidence indicates it did so as a courtesy to plaintiff and never withdrew its original denial." 296 Ill. App. 3d at 972. The majority's analysis is contrary to section 143.1, which provides that the period of time during which the insurer is investigating the claim should be charged to the insurer and deducted from the period of limitations. There is a waiver of the period of limitations where the insurer, after it has denied liability, does something to indicate that it would reconsider its decision. *Florsheim v. Travelers Indemnity Co.*, 75 Ill. App. 3d 298, 304, 393 N.E.2d 1223, 1229 (1979); *Hermanson v. Country Mutual Insurance Co.*, 267 Ill. App. 3d 1031, 1035, 642 N.E.2d 857, 860 (1994). As the majority concedes (296 Ill. App. 3d at 970), Purtell informed the agent that the insurer might reconsider the denial of plaintiff's claim, and the insurer in fact assigned a new adjuster who did conduct an investigation. I reject the majority's suggestion (296 Ill. App. 3d at 972) that the solution to this problem is that an insured should never believe an insurer when the insurer says that it will reconsider a claim.

The insurer accordingly is responsible for the entire period of time from the date of loss until the claim was finally denied on November 14, 1994, except for (1) the two or three days between the date of loss and the date the claim was reported and information furnished the insurer, and (2) the two or three days after the claim was initially denied before the agent contacted Purtell. Because the claim was finally denied on November 14, 1994, and suit was filed November 6, 1995, the suit was timely filed unless the time charged to the insured totaled more than eight days. The burden of proof, with either a section 2—615 motion or a section 2—619 motion, is on the movant, the insurer, and the movant has not sustained that burden here.