PETER VOLE, Plaintiff-Appellee, v. ATLANTA INTERNATIONAL IN-SURANCE COMPANY, Defendant-Appellant.

Second District   No. 2—87—1072

Opinion filed July 13, 1988.

Michael L. Handley, of Kralovec, Marquard, Doyle & Gibbons, Chartered, of Wheaton, for appellant.

Ivan H. Tepper, of Ori, Tepper, Fox, Maley & Gilleran-Johnson, of Waukegan, for appellee.

JUSTICE WOODWARD delivered the opinion of the court:

Defendant, Atlanta International Insurance Company (AIIC), appeals from a judgment for $85,307.57 entered against it after a jury trial in the circuit court of Lake County. Defendant argues that the trial court: (1) erred in denying its motion to dismiss; and (2) abused its discretion in awarding plaintiff $25,307.57 pursuant to section 155 of the Illinois Insurance Code (Ill. Rev. Stat. 1985, ch. 73, par. 767). We reverse.

Because both parties are well acquainted with the facts of this case, we will only briefly discuss those facts relevant to the disposition of the appeal. In August 1983, Vole purchased an insurance policy for Vole's Miracle Man, a show horse he owned. This policy provided coverage of $60,000 in the event that the horse died or was stolen. On December 13, 1983, Vole learned that the horse was missing from its boarding stable and presumed stolen. Vole reported this to AIIC through his insurance agent. AIIC's agent, GAB Business Services, Inc., contacted Vole by letter dated December 14, 1983, and asked for information, including the horse's registration certificate, the horse's show record, the police report, and a story of the occurrence from the person who had control of the animal at the time of the theft. In December 1983 Vole provided GAB with those documents.

On June 21, 1984, Vole filed a sworn proof of loss statement with John V. Fabiani of Killarney, Fabiani, and Brody, AIIC's lawyers in New York. Fabiani then asked Vole to appear at a law firm in Chicago for a sworn examination and to bring Dolly Segalla, Ben Segalla, who operated the stable from which the horse was stolen, and John Nix, the horse's trainer, with him. Vole appeared and stated under oath

that he did not know anything about the occurrence. None of the others were produced. On July 23, 1984, AIIC denied Vole's claim, stating that he had not cooperated in the investigation or provided information required by the policy.

Vole filed a complaint in the circuit court of Lake County on April 17, 1985. AIIC moved to dismiss the complaint on the grounds that it was filed outside the time limitations set forth in the policy. The trial court denied this motion, and the case was subsequently set for trial. The jury awarded Vole $60,000, and the trial court determined that the delay in payment was unreasonable and vexatious. The trial court then assessed another $25,307.57 in damages against AIIC. A timely notice of appeal was filed, and this appeal ensued.

Defendant's first contention is that Vole's complaint was not filed within the time constraints of the policy as modified by Illinois law. Specifically, AIIC argues that the complaint had to be filed within one year plus the number of days between the filing of the required proof of loss form and the rejection of the claim. Vole responds by stating that proof of loss was filed before AIIC claims it was, and even if it wasn't, AIIC waived the right to assert this defense.

The provision in Vole's insurance policy which limited the time in which he could bring suit against AIIC states:

> "No suit, action or proceeding for the recovery of any claim under this policy shall be sustainable in any court of law or equity unless the same be commenced within twelve (12) months next after discovery by the insured of the occurrence which gives rise to the claim."

However, this limitation is itself limited by section 143.1 of the Insurance Code, which states:

> "Whenever any policy or contract for insurance, except life, accident and health, fidelity and surety, and ocean marine policies, contains a provision limiting the period within which the insured may bring suit, the running of such period is tolled from the date proof of loss is filed, *in whatever form is required by the policy*, until the date the claim is denied in whole or in part." (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 73, par. 755.1.)

The issue in this case revolves around when Vole filed a proof of loss in the "form required by the policy." If, as AIIC claims, Vole did not file a proof of loss until June 21, 1984, then Vole had one year and 32 days from December 13, 1983, to file suit against AIIC. If Vole did not file suit within the time period asserted by AIIC, the suit is not timely and is properly dismissed. Vole argues that he filed proof of

loss when he notified AIIC of the theft, or at the very least, when he submitted the information requested by AIIC's adjuster. If this is the case, then Vole had approximately 1½ years in which to file suit.

■ The policy provision regarding proof of loss is contained in the original section of Vole's policy which concerned the death of the animal. That section requires the insured to file a sworn proof of loss statement after the death of an animal. There is no provision in the theft endorsement concerning proof of loss. A policy must be construed in conjunction with endorsements in order to determine the meaning and effect of the insurance contract. (*Protective Insurance Co. v. Coleman* (1986), 144 Ill. App. 3d 682.) If there is a conflict between the main policy and the endorsement, the endorsement will control. (*Protective Insurance Co.*, 144 Ill. App. 3d at 695.) Because there is no provision in the endorsement concerning proof of loss, there is no conflict, and the provision in the main policy applies.

■ If the terms of an insurance policy are clear and unambiguous, the words of the policy will be given their plain meaning. (*Giardino v. American Family Insurance* (1987), 164 Ill. App. 3d 389, 391.) In the present case, the policy clearly requires that a sworn proof of loss statement be filed. While Vole provided other information to the company, he did not file a sworn statement until June 21, 1984. That act tolled the running of the policy's one-year limitations period until July 23, 1984, when AIIC denied the claim. The plaintiff was required to file his suit by January 14, 1985, in order to preserve his claim against AIIC. Since suit was not filed until over three months after that date, the suit was not filed in a timely manner.

■ With respect to Vole's waiver argument, he misapprehends the significance of the form. AIIC's motion to dismiss was not based on the sufficiency of the form, but the timeliness of the filing of Vole's law suit. While AIIC may have waived the requirement that the sworn proof of loss be filed within 60 days, there is no indication that it waived the right to require that a sworn proof of loss be filed. Therefore, we reject Vole's waiver argument. Because of our disposition of this issue, we decline to consider the other issue raised by defendant.

Accordingly, the judgment of the circuit court of Lake County is reversed.

Reversed.

LINDBERG, P.J., and UNVERZAGT, J., concur.