TRINITY BIBLE BAPTIST CHURCH, Plaintiff-Appellant, v. FEDERAL KEMPER INSURANCE COMPANY *et al.*, Defendants-Appellees (Jerry Sokolowski, Defendant).

Fifth District   No. 5—90—0379

Opinion filed September 18, 1991.

Bruegge & Becker, of Breese (William J. Becker, of counsel), for appellant.

Daniel J. Leahy and Paul O. Watkiss, both of Leahy, Eisenberg & Fraenkel, Ltd., of Chicago, for appellee Federal Kemper Insurance Company.

Douglas W. Richard, of Satter, Ewing, Beyer & Spires, of Collinsville, for appellee Union Automobile Indemnity Association.

JUSTICE CHAPMAN delivered the opinion of the court:

Trinity Bible Baptist Church (Trinity) brought suit against the defendants to recover for damages to its parsonage caused by a fire which occurred on October 6, 1986. Trinity claimed coverage under policies issued by Federal Kemper Insurance Company (Kemper) and Union Automobile Indemnity Association (Union), and also sought damages from Jerry Sokolowski for his alleged negligence in failing to procure insurance coverage. The trial court granted summary judgment in favor of Kemper and Union because each insurance policy contained a one-year time limitation for bringing claims, and Trinity failed to file suit within one year of the occurrence of

the fire. The trial court also denied Trinity leave to file an amendment to its complaint to allege negligent conduct on the part of Union. No dispositive rulings were entered with respect to the case against Sokolowski, but the court entered an appropriate Supreme Court Rule 304(a) finding (134 Ill. 2d R. 304(a)).

Trinity raises the following issues: (1) whether the one-year time limitations in the Union and Kemper insurance policies were tolled; (2) whether the one-year time limitations were waived by Union and Kemper and/or whether Union and Kemper are estopped from asserting the one-year limitation; and (3) whether the trial court erred in refusing to allow Trinity to amend its complaint. We reverse.

The order appealed from provides:

"[T]he court grants the motions for summary judgment filed on behalf of Defendants *** Kemper *** and Union ***. Each contract for insurance had a one year period of limitations. *No proof of loss was requested by either defendant. Therefore no tolling of the period of limitations occurred.* Plaintiff failed to bring suit within the specified period of time." (Emphasis added.)

Both the Kemper and Union insurance policy limitations provisions provide in part:

"No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss."

This provision is further limited by section 143.1 of the Insurance Code, which states:

"Whenever any policy or contract for insurance *** contains a provision limiting the period within which the insured may bring suit, the running of such period is tolled from the date proof of loss is filed, *in whatever form is required by the policy*, until the date the claim is denied in whole or in part." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 73, par. 755.1.)

Both the Kemper and Union policies contain the following proof-of-loss provision:

"2. *Your Duties After Loss.* In case of a loss to covered property, you must see that the following are done:

a. give prompt notice to us or our agent;

* * *

g. send to us, within 60 days *after our request*, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:

(1) the time and cause of loss;

(2) the interest of the *insured* and all others in the property involved and all liens on the property;

(3) other insurance which may cover the loss;

(4) changes in title or occupancy of the property during the term of the policy;

(5) specifications of damaged buildings and detailed repair estimates;

(6) the inventory of damaged personal property described in 2e above \*\*\*." Emphasis added.

It is undisputed that no request for a proof of loss was made by either Union or Kemper. The trial court ruled: (1) the policy requires the plaintiff to file a proof of loss *only if so requested*, (2) the statute provides that tolling of the one-year period of limitation occurs from the date the proof of loss is filed *in whatever form required by the policy*, and (3) no proof of loss was requested; therefore, no tolling occurred and the claim was time barred. We disagree with the trial court's analysis.

■ The basic difficulty with the trial court's interpretation of the tolling provision and the policy is that it equates "in whatever form is required by the policy" with "after our request." The statute is not concerned with the timing of the request. The language "in whatever form is required in the policy" is intended to allow the insurers to elicit certain information in a certain form. (See *Vole v. Atlanta International Insurance Co.* (1988), 172 Ill. App. 3d 480, 526 N.E.2d 653.) Whether or not the insurer makes a "request" for the proof of loss has nothing to do with the form in which the information must be furnished.

Where the terms of an insurance policy are clear and unambiguous, the words of the policy will be given their plain meaning. (*Giardino v. American Family Insurance* (1987), 164 Ill. App. 3d 389, 391, 517 N.E.2d 1187, 1188.) The word "form" in the statutory tolling provision has been defined as:

"A model or skeleton of an instrument to be used in a judicial proceeding or legal transaction, containing the principal necessary matters, the proper technical terms or phrases and whatever else is necessary to make it formally correct, arranged in proper and methodical order, and capable of being adapted to the circumstances of the specific case." (Black's Law Dictionary 586 (5th ed. 1979).)

The phrase in the proof-of-loss provision, "send to us within 60 days after our *request*," does not dictate the *form* of the proof of

loss. Rather, the phrase operates as a condition precedent to the companies' requirement that a proof-of-loss be filed. Kemper and Union admit that they never requested a proof of loss. Whether or not the request was made, however, is irrelevant to the form which the proof is to take. The proof-of-loss provision in the Kemper and Union policies clearly outlines the form in which the proof is to be submitted: it must be a signed and sworn proof of loss setting forth particular information regarding the claim.

The trial court did not address the question of whether a proof of loss was filed and, if so, whether it was in proper form. The only condition on the filing of the proof of loss is that it be in whatever *form* is required by the policy. The form of the proof of loss required by Kemper and Union is set forth with particularity in the proof-of-loss provision of the companies' policies. The question is not whether a proof of loss was requested but whether it was filed in the form required. If it was filed, the tolling occurs whether the company requested it or not. We conclude that the trial court erred in holding that because no proof of loss was requested, no tolling of the period of limitations occurred. The primary rule of statutory construction is that the court must ascertain and give effect to the intent of the legislature. (*People v. Ullrich* (1989), 135 Ill. 2d 477, 483, 553 N.E.2d 356, 359.) When construing a statute, the court should look first to the language of the statute, giving the terms of the statute their plain and ordinary meaning. (*Ullrich*, 135 Ill. 2d at 483, 553 N.E.2d at 359.) The language in section 143.1 specifies that the period of limitation is tolled from the date the proof of loss is filed.

Our holding is consistent with the intent of the legislature with regard to section 143.1, as evidenced by the legislative debate:

> "Schuneman: '*** Would this Bill [*sic*] allow a longer period during which time lawsuits could be brought against insurance companies? ***'
>
> Jaffe: '*** Basically, what happens is that an individual has a policy. He makes a claim against his insurance company and the insurance company just sits on the policy ... on that proof of loss and doesn't do anything. And that person believes that at that particular point that he is in fact protected by the insurance company. What really turns out is that while he has filed that thing with the proof of loss, [*sic*] the insurance company has not moved on, the statute of limitations runs and therefore, the person is out [*sic*] in making his claim in court. So, basically, this is a consumer protection ***.' "

(82d Ill. Gen. Assem., House Proceedings, April 22, 1981, at 11 (statements of Representatives Schuneman and Jaffe).)

To hold that the tolling provision does not apply where the insurance company does not specifically request a proof of loss could lead to absurd results. For instance, assume an insurance policy which is completely devoid of a proof-of-loss provision, but with an insured who, on his own initiative, files a thorough proof of loss three months after the date of loss. Further assume that the insurance company maintains contact with the insured, conducts an investigation of the claim, and one day after the one-year anniversary of the loss denies the claim. If we adopt the defendants' interpretation of section 143.1, the insured would not be allowed the benefit of the statutory tolling provision, even though he diligently filed a thorough proof of loss and the insurance company continued to process his claim. The deprivation of the tolling provision would occur simply because the company did not "request" the proof of loss, but the statute does not limit its tolling provision to cases in which the insurance company requested a proof of loss. The tolling provisions are available whenever the proof of loss has been filed whether requested or not. Applying section 143.1 as we have done affords the insured the "consumer protection" which the legislature intended when it passed section 143.1.

This interpretation does no disservice to the insurance company if the insured furnishes all information required and in the form required. The company can conduct whatever further investigation is necessary and then promptly pay or deny the claim. The statute of limitations is tolled only for the limited time that the company is continuing its investigative and deliberative processes after it has received all the information from its insured.

■■ The trial court did not address the adequacy of the plaintiff's proof of loss. Both Kemper and Union contend that coverage would not be afforded even absent their one-year limitation defense. Because the trial court concerned itself solely with the tolling provision in awarding summary judgment for Kemper and Union, we reverse for a determination of the adequacy of the information furnished to comply with the proof-of-loss provision.

Kemper cites *Koclanakis v. Merrimack Mutual Fire Insurance Co.* (N.D. Ill. 1988), 709 F. Supp. 801, *aff'd* (7th Cir. 1990), 899 F.2d 673, as support for its position. In *Koclanakis* the insured brought an action to recover for a burglary loss. The insurer filed a motion for summary judgment on the ground that the insured's suit was

not timely filed. The district court granted the insured's motion and held that the tolling statute did not apply.

The proof-of-loss provision in the *Koclanakis* policy included language similar to that in the instant case:

> "In case of loss, the named insured shall:
>
> * * *
>
> (e) submit to the Company within 60 days *after requested* a signed, sworn statement * * *." (Emphasis added.) (709 F. Supp. at 806.)

The court held:

> "Koclanakis can draw no comfort from [the tolling statute]: He never satisfied the precondition for statutory tolling because, as already discussed, he never filed a proof of loss 'in whatever form is required by the policy.' " (709 F. Supp. at 808.)

Kemper argues that the virtually identical policy language in *Koclanakis* and in this case requires this court to follow the ruling of the district court. We disagree.

An examination of the facts in *Koclanakis* reveals that approximately six months after the burglary occurred, the insurer mailed a "sworn statement in proof of loss" to the insured, and requested that the insured sign the form, thereby swearing to the proof of loss. The insured did not comply with this request but instead filed his proof of loss almost two years after the burglary. The one-year limitation for filing a claim had expired well before the insured filed a proof of loss. It is clear that were the court in that case to have allowed the insured relief, it would have had to interpret the statutory tolling provision as permitting the insured to file proof of loss at any time and consequently to indefinitely extend the statute. As noted in *People v. Steppan* (1985), 105 Ill. 2d 310, 473 N.E.2d 1300, it cannot be presumed that the legislature intended absurdity, inconvenience, or injustice. We do not disagree with the *Koclanakis* holding that the tolling provision did not apply, but the insured in this case argues that it filed a proof of loss well within the first year after the fire, which makes *Koclanakis* distinguishable.

Given our decision as to the first issue raised on appeal, we need not reach the issue of whether Kemper and Union waived or are estopped from asserting the one-year time limitation.

■ We turn now to the final issue, whether the trial court erred in refusing to allow Trinity to amend its complaint against Union.

Trinity's complaint against Union currently includes a count for breach of contract and one for vexatious refusal to pay. Trinity attempted to add a count because Sokolowski issued an insurance binder on Union and forwarded it to Union, and Union held the binder issued by Sokolowski, making no effort to issue a policy, cancel the binder, or otherwise advise Trinity and Sokolowski of the status of the insurance before the premises were destroyed by fire.

Section 2—616 of the Code of Civil Procedure provides:

> "At any time before final judgment amendments may be allowed on just and reasonable terms, *** changing the cause of action or defense or adding new causes of action or defenses ***." (Ill. Rev. Stat. 1989, ch. 110, par. 2—616.)

Section 2—616 is to be liberally construed so that cases are decided on their merits and not on procedural technicalities. (*Campbell v. Feuquay* (1986), 140 Ill. App. 3d 584, 590, 488 N.E.2d 1111, 1115.) The decision to permit the amendment of the pleadings is within the sound discretion of the trial court, but any doubt as to whether pleadings should be amended should be resolved in favor of the amendment. *Deming v. Montgomery* (1989), 180 Ill. App. 3d 527, 533, 536 N.E.2d 150, 154.

Union argues that motions to amend pleadings based on information known to the movant should be made before the case reaches the summary judgment stage. One factor to be considered in ruling on amendments is whether the motion to amend the pleadings would prejudice or surprise the other party. (*Shiner v. Friedman* (1987), 161 Ill. App. 3d 73, 80, 513 N.E.2d 862, 865.) It is true that Trinity had filed a motion for summary judgment on the issues of Sokolowski's agency status and the issuance of the binder before it moved to amend. The record also shows that Union filed a response to Trinity's motion and contested the facts set forth by Trinity. No ruling on the motion for summary judgment has yet been made, and Union has not demonstrated that it would be prejudiced or surprised by an amendment of plaintiff's complaint.

Union also contends that the trial court properly denied leave to amend because it is apparent that Trinity will be unable to plead a viable cause of action. (See *Village of Lake in the Hills v. Illinois Emcasco Insurance Co.* (1987), 153 Ill. App. 3d 815, 506 N.E.2d 681.) The mechanism for challenging a pleading which is claimed to be substantially insufficient in law is not through objection to a motion for leave to amend, but through a motion with respect to pleadings filed under section 2—615 (Ill. Rev. Stat. 1989, ch. 110, par. 2—615). (*Bituminous Casualty Corp. v. Fulkerson* (1991), 212

Ill. App. 3d 556, 557, 571 N.E.2d 256, 264.) We cannot say at this stage that Trinity will be unable to plead a viable cause of action alleging negligence by Union and, therefore, we conclude that the trial court abused its discretion in denying Trinity leave to file its amended complaint.

For the foregoing reasons, we reverse the decision of the circuit court of Clinton County and remand this cause for further proceedings in accordance with this opinion.

Reversed and remanded.

HOWERTON and GOLDENHERSH, JJ., concur.