OPINION OF THE COURT
Norman A. Mordue, J.
From January 21, 1989 to January 21, 1990, plaintiff was insured with defendants under an insurance policy for multi *747 peril business loss. Among other coverages, plaintiff was to be reimbursed for loss of income occurring up to one year after the date of any incident giving rise to a loss. On October 14, 1989, plaintiff sustained reimbursable losses, including loss of income as a result of a heavy wind and rain storm which removed the roof of one of plaintiff’s apartment buildings.
The insurance policy provides that any lawsuit seeking the recovery of damages must be commenced within two years. This lawsuit was commenced on February 24, 1992. The issue before this court is what date must be used to calculate the commencement date for period of limitations purposes.
Plaintiff argues that the commencement date could not occur any sooner than the date that the loss was ascertainable. In this case, the loss of income continued for up to one year following the date of the incident giving rise to the loss, and therefore, could not be ascertained until up to one year from October 14, 1989. Since the loss could not be fully determined until October 14, 1990, plaintiff contends that the action was timely commenced, the summons and complaint having been served less than two years after this date.
Defendants counter that the policy’s language has been interpreted by the New York courts to mean that the period of limitations begins to run from the injury-causing event, i.e., October 14, 1989. As such, the period of limitations would have run on October 14, 1991 and the instant action would be time barred.
The insurance policy contains two provisions which dictate the time within which an action must be commenced. One provision states that "no suit or action * * * shall be sustainable * * * unless commenced within twelve months next after inception of the loss.” The other provision states that "no suit shall be brought on this policy unless the insured * * * has commenced the suit within one year after the loss occurs.” (Both provisions were later amended to provide for a two-year period rather than one year within which to commence a lawsuit.)
The provision of the policy which states that the period of limitations commences two years after the "inception of the loss” has been interpreted to mean that the period of limitations starts to run from the date of the actual physical loss. (Proc v Home Ins. Co., 17 NY2d 239, 243-245.) However, the clause on page 23 produces a conflict. On that page, the policy states that the suit must be commenced within "one year *748 after the loss occurs”. In this case, the loss of income could not be ascertained until one year after the date of the actual physical loss.
Prior to 1943, by legislative authorization, a standard insurance policy was adopted for use in insurance policies covering fire loss (the only loss originally covered). In 1943, the law was amended to provide that insurers could insert the term "within twelve months next after inception of the loss” in insurance policies, thus limiting their liability to those instances in which a lawsuit was commenced within one year (later two years) of the triggering event. Prior to the 1943 change in the law, "an insurer might provide, if it did so clearly, that 'the time of the fire should be looked to as the event, from the happening of which the limitation should run’ ”. (Proc v Home Ins. Co., supra, at 243 [emphasis added].)
The language in the second clause of the insurance policy is similar to the language used by insurers prior to the 1943 amendment of the Insurance Law. However, this clause, read together with the "inception of the loss” clause, creates an ambiguity because the "inception of the loss” clause, provides for the period of limitations to run from the triggering event and the "loss occurs” clause provides for the period of limitations to run from the date of the loss which, in this case, did not fully occur until one year after the triggering event. This ambiguity in the insurance policy must be construed against the maker of the policy. (Tri Town Antlers Found, v Fireman’s Fund Ins. Co., 76 NY2d 841.)
The full extent of the loss was not ascertained until October 14, 1990, one year after the storm. The action was commenced on February 24, 1992. Thus, the instant action was commenced timely. Accordingly, defendants’ motion for summary judgment dismissing the complaint is denied.