HARVEY FRUIT MARKET, INC., *et al.*, Plaintiffs-Appellants, v. HARTFORD INSURANCE COMPANY OF ILLINOIS, Defendant-Appellee.

First District (6th Division)   No. 1—96—2746

Opinion filed January 30, 1998.

O'Brien, Somer, Zaralengo & Planera, of Olympia Fields (Jay T. O'Brien, of counsel), and Pretzel & Stouffer, Chartered, of Chicago (Robert Marc Chemers and Daniel G. Wills, of counsel), for appellants.

Crystal, Heytow & Warnick, P.C., of Chicago (Jeffrey L. Warnick and Richard D. Heytow, of counsel), for appellee.

JUSTICE QUINN delivered the opinion of the court:

On April 19, 1992, a fire destroyed the Harvey Fruit Market and the contents therein. Plaintiffs, Harvey Fruit Market, Inc., Konstantinos Kokkinis, and Zenophon Labos, one or more d/b/a Harvey Fruit Market and Deli, Inc., subsequently filed a claim which was denied by defendant, Hartford Insurance Company of Illinois, due to a finding of arson, misrepresentation, and fraud. Plaintiffs then filed a complaint for breach of contract, which was dismissed by the trial court pursuant to section 2—619 of the Code of Civil Procedure. 735 ILCS 5/2—619 (West 1994). On appeal, we address the following issues: (1) when did plaintiffs' loss occur; and (2) whether the insur-

ance· policy's time limitation on lawsuits was tolled when plaintiffs provided notice of loss on the day of the fire.

For the following reasons, we affirm.

The relevant facts are as follows. Defendant issued plaintiffs an insurance policy, effective December 1, 1991, to December 2, 1992. The policy covered, among other items, plaintiffs' building, business personal property, money and securities, and loss of income sustained over 12 consecutive months. The policy included the following specific provisions:

"2. Duties of the Named Insured After a Loss

a. give immediate notice of such loss to the Company;

* * *

e. submit to the Company within 60 days after requested a signed, sworn statement of loss ***

* * *

8. Suit

No suit shall be brought on this policy unless the insured has complied with all the policy provisions and has commenced the suit within one year after the loss occurs."

On April 19, 1992, a fire destroyed the Harvey Fruit Market and the contents therein. That same day, plaintiffs contacted their insurance carrier, defendant, to inform defendant of the loss. Defendant assigned an adjuster to the claim the same day. On April 20, 1992, the adjuster prepared an internal memorandum which stated that the loss for business personal property and business income was to be determined in the future. Plaintiffs filed a sworn statement of loss on July 28, 1992, and defendant denied the plaintiffs' claim on October 25, 1993, due to a finding of arson, misrepresentation, and fraud. Plaintiffs then filed a complaint on October 25, 1994, which was dismissed by the trial court as untimely on May 31, 1996. This appeal followed.

Plaintiffs first maintain that their complaint in the circuit court was timely filed because they could not determine the extent of their loss of earnings as covered by the policy until the one-year period expired. Therefore, plaintiffs maintain, their loss did not occur until one year after the fire, on April 19, 1993. We disagree.

■ In Illinois, the date utilized for determining the date of loss is the date on which the actual physical loss of property occurred. See *Wilson v. Indiana Insurance Co.*, 150 Ill. App. 3d 669, 672, 502 N.E.2d 69 (1986). Plaintiffs' loss here occurred on the date of the fire, April 19, 1992. Thus, as discussed in further detail below, plaintiffs' complaint was untimely.

Plaintiffs cite to *Pichel v. Hanover Insurance Cos.*, 155 Misc. 2d

746, 589 N.Y.S.2d 979 (1992), to support the proposition that their loss actually occurred on April 19, 1993. In *Pichel*, the trial court of Onondaga County, New York, ruled that the commencement date for a two-year period of limitations for filing suit on an insurance policy began on the date when the full extent of loss of income could be ascertained, not on the date when the actual physical loss occurred. *Pichel*, 155 Misc. 2d at 748, 589 N.Y.S.2d at 980. The court reached its decision after resolving conflicting provisions in the policy in favor of the insured. *Pichel*, 155 Misc. 2d at 748, 589 N.Y.S.2d at 980. We decline to adopt the New York court's approach.

■ In the instant case, the fire completely destroyed plaintiffs' building. Plaintiffs' losses, including future business proceeds, could be adequately ascertained at the time of the fire. In reaching this decision, we equate the situation in the present cause with the business interruption scenario where the loss of future net profits and necessary earned expenses are calculated at a fixed point in time. See *Cohen Furniture Co. v. St. Paul Insurance Co.*, 214 Ill. App. 3d 408, 415, 573 N.E.2d 851 (1991) (also interpreting a fire insurance policy for a retail business). Furthermore, to adopt plaintiffs' position would be the equivalent of adopting the discovery rule on damages, which states that the limitations period for filing suit does not begin until the loss is discovered. *Wabash Power Equipment Co. v. International Insurance Co.*, 184 Ill. App. 3d 838, 845, 540 N.E.2d 960 (1989). This position has been consistently rejected by this court because to hold otherwise would allow the insured to determine the time of loss. See *Wabash*, 184 Ill. App. 3d at 845-46; *Wilson*, 150 Ill. App. 3d at 672; *Naghten v. Maryland Casualty Co.*, 47 Ill. App. 2d 74, 197 N.E.2d 489 (1964). Thus, for the purpose of determining whether plaintiffs' complaint was timely filed, we find that plaintiffs' loss occurred on April 19, 1992. Accordingly, the circuit court properly dismissed the complaint as untimely pursuant to section 2—619 of the Code of Civil Procedure. 735 ILCS 5/2—619 (West 1994).

Plaintiffs also contend that their complaint was filed timely because their notice to defendant on the day of the fire was sufficient to initiate the tolling of the one-year period in which to file suit.

As noted above, defendant's insurance policy required the insured to complete, among other items, the following two steps after loss of property: (1) to provide immediate notice of loss to defendant; and (2) to submit to defendant within 60 days after requested a signed, sworn statement of loss. Here, plaintiffs informed defendant of the loss on the day of the fire and submitted their signed, sworn statement of loss on July 28, 1992. Plaintiffs allege that the notice provided on the day of the fire was sufficient to toll the time limitation on the filing of suit. We disagree.

Section 143.1 of the Illinois Insurance Code provides the following:

"Whenever any policy or contract for insurance *** contains a provision limiting the period within which the insured may bring suit, the running of such period is tolled from the date proof of loss is filed, *in whatever form is required by the policy,* until the date the claim is denied in whole or in part." (Emphasis added.) 215 ILCS 5/143.1 (West 1994).

It is well settled that if the terms of an insurance policy are clear and unambiguous, the words of the policy will be given their plain meaning. *Vole v. Atlanta International Insurance Co.*, 172 Ill. App. 3d 480, 483, 526 N.E.2d 653 (1988); *Giardino v. American Family Insurance*, 164 Ill. App. 3d 389, 391, 517 N.E.2d 1187 (1987).

In *Davis v. Allstate Insurance Co.*, 147 Ill. App. 3d 581, 498 N.E.2d 246 (1986), the insured's policy required that, after a loss, the insured submit a signed and sworn statement of loss. Similar to the present case, a provision limiting the time period for suits was included in the policy, and the relevant provisions of the Illinois Insurance Code were in effect. The insured's house was destroyed by fire on March 26, 1983, and the insured notified the defendant insurance company on March 28, 1983. The insurance company subsequently mailed the insured a letter dated April 11, 1983, directing her to comply with the terms and conditions of the policy. On May 24, 1983, the insured submitted a sworn statement of loss, and the insurance company denied the insured's claim on December 12, 1983. On appeal, the insured maintained that the initial notice provided on March 28, 1983, was sufficient to toll the period for filing suit. This court disagreed, and while also rejecting an argument unrelated to the present cause, this court held:

"Plaintiff's sworn statement, the format of which was in satisfaction of the policy's requirements, was submitted to defendant on May 24, 1983. Defendant denied the claim on December 12, 1983, thereby tolling the limitation period for 202 days beyond the one-year anniversary of the loss, or to October 13, 1984. Because plaintiff did not bring suit until November 16, 1984, her filing was untimely, and the trial court properly dismissed her complaint." *Davis*, 147 Ill. App. 3d at 584.

We reach the same result here and find that plaintiffs' complaint was untimely.

The Illinois Insurance Code provides that the period for filing suit on a policy will be tolled once the insured files a proof of loss in whatever form is required by the policy. Plaintiffs' policy required that plaintiffs provide *both* immediate notice of loss and submit a

sworn, signed statement of loss. Hence, the period of limitation for filing suit continued to run until July 28, 1992, the date on which plaintiffs filed their sworn statement of loss. The time period for filing suit was then tolled until October 25, 1993, the date on which defendant denied plaintiffs' claim; a period of 1 year and 89 days. Given that plaintiffs' loss occurred on April 19, 1992, plaintiffs' complaint had to be filed on or before July 18, 1994. Therefore, the complaint filed on October 25, 1994, was untimely, and the trial court's dismissal of plaintiffs' complaint was not in error.

For the above-stated reasons, the decision of the circuit is affirmed.

Affirmed.

GREIMAN, P.J., and THEIS, J., concur.